UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-60290-MOORE

UNITED STATES OF AMERICA,

vs.

ANTONIO DE LA CRUZ-TREJO,

        Defendant.
_____/

FILED BY ___AT___ D.C.
Jan 12, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

      THIS CAUSE is before the Court on an Order of Reference (ECF No. 29) from United States District Judge K. Michael Moore to take all necessary and proper action as required by law in the above-referenced case. On January 12, 2026, I conducted a Change of Plea hearing, attended by Defendant, his counsel Assistant Federal Public Defender Jan Smith, and Assistant U.S. Attorney Julia Vaglienti. I hereby REPORT and RECOMMEND to the District Court as follows:

      1.    At the outset of the hearing, I advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, I advised Defendant that I was conducting the Change of Plea hearing on an Order of Reference from the District Judge. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

      2.    I advised Defendant that he did not have to permit me, a United States Magistrate Judge, to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge. Defendant and the Assistant United States Attorney assigned

to the case all agreed on the record and consented to me conducting the Change of Plea hearing.

3. I conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

4. The Parties have not entered into a written Plea Agreement. I advised Defendant of the maximum sentence that could be imposed in this case pursuant to the applicable statute. Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, and special assessments) that could be imposed in this case.

5. Defendant pleaded guilty to the lone count of the Indictment, which charges him with illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a).

6. The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 30), which includes all the essential elements of the crime to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable (there are none). Defendant acknowledged on the record that the factual proffer had been read to him in Spanish. Defendant acknowledged on the record that he understood the written factual proffer, had signed that proffer, agreed that the facts set forth in the proffer were true and accurate, and agreed that the proffer included the essential elements of the offense to which he is pleading guilty.

7. I advised Defendant about the possible immigration and other collateral consequences of his guilty plea.

8. Defendant expressed satisfaction with his counsel's representation.

9. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Based on all the foregoing and the plea colloquy, I **RECOMMEND** that Defendant,

Antonio De La Cruz-Trejo, (1) be found to have freely and voluntarily entered his guilty plea to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a), (2) that his plea of guilty be accepted, and (3) that he be adjudged guilty of this offense. I further recommend that a sentencing hearing be conducted for final disposition of this matter.

The parties will have three (3) days[1] from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 12th day of January, 2026.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[1] On the record, both the Government and the Defendant indicated that they have no objection to this Report and Recommendation.